# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| **MARKEITA DESHUN ECHOLES** | § | |
| VS. | § | CIVIL ACTION NO. 5:08cv207 |
| **KEITH ROY, ET AL.** | § | |

## ORDER OF DISMISSAL

Plaintiff Markeita Deshun Echoles, an inmate previously confined at F.C.I. Texarkana, proceeding *pro se*, filed the above-styled and numbered lawsuit explaining that he has diabetes and complaining that the Defendants had not properly cared for his serious medical condition. The complaint was referred to United States Magistrate Judge Caroline M. Craven, who issued a Report and Recommendation concluding that the Defendants' motion for summary judgment should be granted and that the complaint should be dismissed without prejudice because the Plaintiff failed to exhaust his administrative remedies before the lawsuit was filed. The Plaintiff has filed objections.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by the Plaintiff to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections of the Plaintiff are without merit.

In his objections, the Plaintiff again complained about the medical care he received for diabetes. He asserted that he exhausted his administrative remedies, as shown in Exhibit I. Exhibit I is a notice from the Administrative Remedy Coordinator Central Office, dated August 4, 2009. The

1

notice reveals that an extension of time had been granted for a response. The notice thus reveals that the Plaintiff still has not exhausted his administrative remedies.

The law governing the exhaustion of administrative remedies is 42 U.S.C. § 1997e. In 1996, Congress enacted the Prison Litigation Reform Act, which mandated that no action shall be brought by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court accordingly unanimously concluded that inmates must exhaust their administrative remedies before proceeding to federal court. *Booth v. Churner*, 532 U.S. 731 (2001). The Supreme Court subsequently held that exhaustion is mandatory and is required for all actions brought by prisoners. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The Supreme Court thereafter reiterated that exhaustion is mandatory and will not be excused when an inmate fails to timely exhaust his administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Exhaustion also requires that a prisoner satisfy the requirement of "proper exhaustion." *Id.* at 83.

The Supreme Court's most recent pronouncement on exhaustion was in *Jones v. Bock*, 549 U.S. 199 (2007). The Supreme Court stated that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Id.* at 211. It was added, however, that the failure to exhaust is an affirmative defense under the PLRA. *Id.* at 216. The Defendants raised the issue of exhaustion and have submitted competent summary judgment evidence showing that the Plaintiff did not exhaust his administrative remedies before he filed the lawsuit. Indeed, the Plaintiff's Exhibit I shows that the administrative process is on-going. The Plaintiff still has not exhausted his administrative remedies.

In conclusion, having made a *de novo* review of the objections raised by the Plaintiff to the Report and Recommendation, the Court is of the opinion that the findings and conclusions of the

Magistrate Judge are correct and the objections of the Plaintiff are without merit. Therefore the findings and conclusions of the Magistrate Judge are adopted as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the Defendants' motions to dismiss, or in the alternative, motion for summary judgment (docket entry #60) is **GRANTED**, in part, and **DENIED**, in part. It is further

**ORDERED** that Defendant Warden Keith Roy's motion to dismiss pursuant to Rule 12(b)(6) is **GRANTED**. It is further

**ORDERED** that the Defendants' motion to dismiss for failure to exhaust administrative remedies is **DENIED**. It is further

**ORDERED** that the Defendants' motion for summary judgment for failure to exhaust administrative remedies is **GRANTED**. It is further

**ORDERED** that the complaint is **DISMISSED** without prejudice. The Plaintiff may file a new lawsuit once all administrative proceedings are completed. It is finally

**ORDERED** that all motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED this 28th day of September, 2009.**

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　DAVID FOLSOM
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE